FILED
2022 Oct-13  PM 04:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **HENRI N. BEAULIEU, JR.,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **Case No.: 2:22-cv-00878-ACA** |
| | ] | |
| **SAMUEL POWELL, et al.,** | ] | |
| | ] | |
| | ] | |
| **Defendants.** | ] | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Henri N. Beaulieu, Jr., through counsel, filed this lawsuit against a number of defendants for alleged violations of his constitutional rights and for defamation under Alabama state law, arising from conflicts relating to Mr. Beaulieu's monitoring of the noise level at a community pool near his house. (Doc. 1). Upon a *sua sponte* review of Mr. Beaulieu's complaint, the court found that the complaint was a shotgun pleading and directed Mr. Beaulieu to file an amended complaint. (Doc. 2). After Mr. Beaulieu did so (doc. 3), the defendants filed three separate motions to dismiss (docs. 12–14). Two of those motions seek dismissal of the amended complaint with prejudice on the ground that it remains a shotgun pleading. (Doc. 12 at 9–12; doc. 13 at 1–2).

While the motions to dismiss were pending, Mr. Beaulieu filed a second amended complaint without written consent from the defendants or leave of the court. (Doc. 17). Some defendants filed motions to dismiss Mr. Beaulieu's second amended complaint. (Docs. 18, 21). Mr. Beaulieu then filed a third amended complaint, again without written consent from the defendants or leave of the court. (Doc. 20). One of the defendants filed a motions for a more definite statement in response to both the second and third amended complaints. (Docs. 23, 24).

The court agrees that Mr. Beaulieu's amended complaint remains a shotgun pleading. In addition, his second and third amended complaints are procedurally improper, and even if they were not, they also are shotgun pleadings.

Because Mr. Beaulieu's operative complaint (the first amended complaint) is a shotgun pleading and his improperly filed second and third amended complaints also would be shotgun pleadings, the court: (1) **WILL GRANT** the two motions to dismiss the amended complaint to the extent they seek dismissal on shotgun pleading grounds and **WILL DENY** as **MOOT** the balance of those motions (docs. 12–13); (2) **WILL DENY** as **MOOT** the third motion to dismiss the amended complaint (doc. 14); (3) **WILL STRIKE** Mr. Beaulieu's second and third amended complaints (docs. 17, 20); and (4) **WILL DENY** as **MOOT** the motions to dismiss Mr. Beaulieu's second amended complaint (docs. 18, 21) and the motions for a more definite statement (docs. 23, 24).

The court **WILL DISMISS** Mr. Beaulieu's federal claims with prejudice and **WILL DISMISS** his state law claims without prejudice.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Mr. Beaulieu and his family live on property adjacent to a neighborhood swimming pool. (Doc. 1 at 7–8 ¶¶ 16–17). Mr. Beaulieu's wife and parents filed a lawsuit in state court claiming that the noise level at the pool was a nuisance. (*Id.* at 8 ¶ 18). After Mr. Beaulieu tried to gather evidence for his family's state court lawsuit, he filed this action, seeking damages and injunctive relief against a number of defendants for alleged violations of his constitutional rights and for defamation under state law. (*See generally* doc. 1).

Mr. Beaulieu's original complaint was thirty-one pages long and contained eighty-four numbered paragraphs, as well as various lettered sub-paragraphs. (Doc. 1). The complaint listed eight named defendants, two specifically described fictitious defendants, and an unspecified number of non-specifically described fictitious defendants.  (*Id.* at 4–7 ¶¶ 5–13). The complaint was not separated into counts or claims, but instead into two sections titled "Constitutional Claims" and "State Law Claim(s)." (*Id.* at 21–29). Both sections in the complaint incorporated by reference every preceding paragraph. (*Id.* at 21 ¶ 59, 27 ¶ 74).

The "Constitutional Claims" section referenced due process, unlawful seizures, free speech, conspiracy, defamation, and false light. (Doc. 1 at 22–27 ¶¶ 61–72). Some of the paragraphs described the conduct of Defendants Samuel Powell, Andrew Bell, Blake Atkins, the fictitious defendants identified as the "Parking Lot Officer" and the "Third Responding Officer," the City of Calera, the Calera Police Department, Jordan Lawley, and Rachel Lawley. (*Id.* at 21–26 ¶¶ 60–67, 27 ¶ 71). Some of the paragraphs referred to "Defendants" generally without identifying which of the numerous defendants' conduct was at issue. (*Id.* at 22 ¶ 61, 25–26 ¶ 66).

The "State Law Claim(s)" section and referenced slander, false light, and defamation. (*Id.* at 28, ¶¶ 75, 78–79). The paragraphs within the second section described conduct of Ms. Lawley and the "Parking Lot Officer." (Doc. 1 at 28 ¶¶ 75–76).

The court struck the original complaint *sua sponte* after determining it was a shotgun pleading that violated Federal Rules of Civil Procedure 8(a)(2) and 10(b). (Doc. 2). The court's order striking the complaint identified the specific shotgun pleading deficiencies: the counts improperly incorporated every allegation and preceding count, and the complaint improperly attempted to assert multiple claims in one count. (*Id.* at 3). The court ordered Mr. Beaulieu to file an amended complaint that conformed with Rules 8(a)(2) and 10(b), as well as the Eleventh

Circuit's instructions about pleading a complaint. (*Id.*). The court explained that "[t]he amended complaint should contain a <u>separate count for each claim</u> that contains a <u>factual basis for that claim only</u>. In addition, <u>each count's heading must identify</u>: (1) <u>the specific Defendant(s) against whom the claim is asserted</u>, and (2) the statute or law under which the claim is brought." (*Id.* at 4) (emphasis added). The court also instructed Mr. Beaulieu that his amended complaint must include all of his claims in this action and should not incorporate by reference the original complaint. (Doc. 2 at 4).

Mr. Beaulieu filed an amended complaint in response to the court's order. (Doc. 3). The amended complaint is twenty-three pages long and contains seventy-two numbered paragraphs and various lettered sub-paragraphs. (*Id.*). It drops two of the named defendants and one of the specifically identified fictitious defendants, leaving six named defendants, one specifically identified fictitious defendant, and some number of unidentified fictitious defendants. (*Id.* at 3–5, ¶¶ 5–12).

The amended complaint remains split into two sections: one titled "Section 1983 Action for Violations of the Fourteenth Amendment Due Process Clause Under Color of Law" and one titled "State Law Claim(s)." (*Id.* at 17–23). Both sections continue to incorporate by reference all preceding paragraphs. (Doc. 3 at 17 ¶ 52, 21 ¶ 62).

The first section asserts at least two different claims—a 42 U.S.C. § 1983 due process claim and a § 1983 conspiracy claim—against Mr. Powell, Mr. Bell, the "Third Responding Officer," Mr. Lawley, Ms. Lawley, the City of Calera, and the Calera Police Department. (*Id.* at 17–20 ¶¶ 53–61). The numbered paragraphs within this section also confusingly refer to conduct of certain defendants that does not appear connected to that of other defendants. For example, the section complains that Mr. Powell, Mr. Bell, and the Third Responding Officer prevented Mr. Beaulieu from driving on a public street and failed to preserve or destroyed video footage of their encounter with Mr. Beaulieu. (*Id.* at 17 ¶ 55, 18 ¶¶ 57–58). It also complains that Ms. Lawley made malicious statements on a social media posting. (*Id.* at 18 ¶ 55). The section then alleges that Mr. Powell and Mr. Lawley filed false reports of harassment against Mr. Beaulieu. (Doc. 3 at 18 ¶ 56). It goes on to allege that the City of Calera and the Calera Police Department did not enforce its police camera policies and procedures and failed to properly train and instruct its officers in the use and preservation of camera footage. (*Id.* at 19 ¶ 59). In addition, this section states in conclusory fashion that the defendants acted "in conspiracy with each other" (*id.* 17 ¶ 54) at or "in collusion" (*id.* at 19 ¶ 60) without identifying what specific conduct forms the basis of the § 1983 conspiracy claim.

The second section of the amended complaint asserts a state law claim for defamation against Ms. Lawley and a state law claim for spoliation of evidence against Mr. Powell, Mr. Bell, the fictitious defendant identified as the "Third Responding Officer," the City of Calera, and the Calera Police Department. (Doc. 3 at 21–24 ¶¶ 63–72).

The defendants filed three separate motions to dismiss the amended complaint. (Docs. 12–14). While the parties were briefing those motions, Mr. Beaulieu filed a putative second amended complaint without defendants' written consent or the court's leave. (Doc. 17). The putative second amended complaint dropped one named defendant but expanded in length, running thirty-two pages with seventy-four numbered paragraphs, separated into three "counts." (*Id.*). Each count continues to incorporate all preceding factual allegations. (*Id.* at 22 ¶ 50, 26 ¶ 63, 30 ¶ 68).

The first "count" asserts § 1983 due process claims against Mr. Powell, Mr. Bell, the "Third Responding Officer," Mr. Lawley, and Ms. Lawley. (*Id.* at 22–26 ¶¶ 50–62). The second "count" asserts a § 1983 conspiracy claim against Mr. Powell, Mr. Bell, the "Third Responding Officer," Mr. Lawley, Ms. Lawley, the City of Calera, and the Calera Police Department. (*Id.* at 26–30 ¶¶ 63–67). The third "count" asserts a state law defamation claim against Ms. Lawley. (Doc. 17 at 30–32 ¶¶ 68–74).

After some defendants moved to dismiss the putative second amended complaint (docs. 18, 21), Mr. Beaulieu filed a putative third amended complaint without the defendants' written consent or the court's leave (doc. 20). This putative amendment did not restate all the factual allegations, defendants, and claims but instead—and in violation of the court's first order in the case—sought to incorporate by reference the putative second amended complaint while adding two claims against one defendant. (Doc. 20). The two counts in the putative third amended complaint incorporate by reference all preceding paragraphs of both the putative second amended complaint and the putative third amended complaint. (*Id.* at 2–3, ¶ 75, 6 ¶ 83).

## II.   DISCUSSION

As an initial matter, the court must clarify which pleading is the operative complaint in this case. Mr. Beaulieu believes it is his putative third amended complaint (*see* doc. 20), and various defendants have moved to dismiss the putative second amended complaint or have moved for a more definite statement of the putative second and third amended complaints (docs. 18, 21, 23, 24).

Under Federal Rule of Civil Procedure 15, a plaintiff may amend his pleading once as a matter of course within certain time limits. Fed. R. Civ. P. 15(a)(1)(A). Otherwise, a plaintiff may amend his pleading "only with the opposing party's written consent of the court's leave." Fed. R. Civ. P. 15(a)(1)(2).

By filing his amended complaint in response to the court's order to replead, Mr. Beaulieu amended his complaint once as a matter of course. (Doc. 3). Therefore, Mr. Beaulieu could not amend his complaint again unless he received written consent from the defendants or leave of court, which he did not do. (*See* docs. 17, 20). Therefore, the court **WILL STRIKE** the second and third amended complaints as procedurally improper. The operative pleading in this case is the amended complaint. (Doc. 3).

To the extent the filing of the second amended complaint and third amended complaint could be construed as motions for leave to amend, the court denies the motions as futile. As the court will explain, the second and third amended complaints remain shotgun pleadings, so amendment is not appropriate. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.").

Two of the three pending motions to dismiss the amended complaint seek dismissal of the amended complaint on, among other things, shotgun pleading grounds. (Doc. 12 at 9–12; doc. 13 at 1–2). The court agrees that the amended complaint is a shotgun pleading and finds that further amendment would be futile. Therefore, dismissal is appropriate.

The Eleventh Circuit has "filled many pages of the Federal Reporter condemning shotgun pleadings and explaining their vices." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018); *see also Est. of Bass v. Regions Bank*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020) ("As of 2008, [the Eleventh Circuit] had explicitly condemned shotgun pleadings upward of fifty times.") (quotation marks omitted); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015) (stating that as of 2015, the Eleventh Circuit had published more than sixty opinions about shotgun pleadings).

Shotgun pleadings fall into "four rough types or categories." *Weiland*, 792 F.3d at 1323. The first "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third is one that does "not separate[e] into a different count each cause of action or claim for relief." *Id.* at 1323. And the fourth complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323.

In response to an order that notified Mr. Beaulieu that his original complaint was a shotgun pleading of the first and third types, Mr. Beaulieu filed an amended complaint that suffers from the same deficiencies. For example, the amended complaint continues to improperly assert multiple claims for relief in the first count. Specifically, it seeks a judgment declaring that the defendants violated Mr. Beaulieu's due process rights and also a judgment declaring that the defendants conspired to violate Mr. Beaulieu's due process rights. (Doc. 3 at 17–20). As the court previously warned Mr. Beaulieu (*see* doc. 2 at 3), this is not a permissible pleading practice. *See Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996) (noting that a complaint stating multiple theories of relief within each cause of action was "framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts"); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366–67 (11th Cir. 1996) (explaining that the failure to "present each claim for relief in a separate count, as required by Rule 10(b)" makes the complaint a shotgun pleading).

Each count in the amended complaint also continues to improperly incorporate by reference every preceding paragraph. (Doc. 3 at 17 ¶ 52, 21 ¶ 62, 22 ¶ 69). This is especially problematic with respect to the defamation and spoliation claims because the defamation claim incorporates the entirety of the claim or claims asserted under the "count" labeled "Section 1983 Action for Violations of

the Fourteenth Amendment Due Process Clause Under Color of State Law" and the spoilation claim incorporates the entirety of both the defamation claim and the entirety of the claim or claims asserted under the section labeled "Section 1983 Action for Violations of the Fourteenth Amendment Due Process Clause Under Color of State Law." Therefore, despite the court's warning against doing so, the amended complaint "employs a multitude of claims and incorporates by reference all of its factual allegations into each claim, making it nearly impossible" for the defendants or the court "to determine with any certainty which factual allegations give rise to which claims for relief." *Jackson*, 898 F.3d at 1356.

The Federal Rules of Civil Procedure require that a plaintiff plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint is twenty-three pages long and contains at least seventy-two paragraphs of allegations, all of which have been incorporated by reference into each count. Then, within each count, several sentences contain new or additional facts or summarize certain facts. Thus, the amended complaint is neither "short" nor "plain." *Jackson*, 898 F.3d at 1356 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (noting that a four-count complaint where each count incorporated by reference all "forty-three numered paragraphs of factual allegations" was "an all-too-typical shotgun pleading").

Nor do Mr. Beaulieu's putative second and third amended complaints remedy the deficiencies of the initial and amended complaints. Although the second amended complaint separates the § 1983 conspiracy claim into a stand-alone count, it continues to improperly adopt every preceding paragraph by reference. (Doc. 17 at 22 ¶ 50, 26 ¶ 63, 30 ¶ 68). With respect to the third amended complaint, setting aside the confusing nature of adopting in full the putative second amended complaint, the two new counts contained in the third amended complaint still improperly adopt every preceding paragraph by reference. (Doc. 20 at 2 ¶ 75, 6 ¶ 83).

Shotgun pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense" on both the parties and the court. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). District courts retain the authority and discretion to dismiss a shotgun complaint on that basis alone as long as the court explains defects in the complaint and "give[s] the plaintiff one chance to remedy" a shotgun pleading before dismissing the case. *Jackson*, 898 F.3d at 1358 (quotation marks omitted).

The court gave Mr. Beaulieu—who is represented by counsel— notice of the defects in the original complaint and specific instructions on how to cure those errors. (Doc. 2). And, as explained above, Mr. Beaulieu made no meaningful effort to correct the deficiencies. Accordingly, the court **WILL GRANT** the two motions

to dismiss the amended complaint to the extent they seek dismissal of the amended complaint as a shotgun pleading. *See Jackson*, 898 F.3d at 1358 ("What matters is function, not form: the key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them. If that chance is afforded and the plaintiff fails to remedy the defects, the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds."); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1297 (11th Cir. 2018) ("The district court sua sponte gave [the plaintiff] an opportunity to correct the shotgun pleading issues in his complaint, and provided him with specific instructions on how to properly do so. He did not fix it. We will not adopt a rule requiring district courts to endure endless shotgun pleadings.").

The court **WILL DISMISS** Mr. Beaulieu's federal claims **WITH PREJUDICE** and his supplemental state law claims **WITHOUT PREJUDICE**. *See Vibe Micro*, 878 F.3d. at 1296–97 (explaining that where a court properly dismisses federal claims with prejudice on shotgun pleading grounds, supplemental state law claims pleaded in the same complaint should be dismissed without prejudice).

## III.   CONCLUSION

The court **WILL GRANT** the two motions to dismiss the amended complaint to the extent they seek dismissal on shotgun pleading grounds and **WILL DENY** as **MOOT** the balance of those motions. (Docs. 12–13).

The court **WILL DENY** as **MOOT** the third motion to dismiss the amended complaint. (Doc. 14)

The court **WILL STRIKE** Mr. Beaulieu's putative second amended complaint (doc. 17) and putative third amended complaint (doc. 20).

The court **WILL DENY** as **MOOT** the motions to dismiss Mr. Beaulieu's putative second amended complaint (docs. 18, 21) and the motions for a more definite statement of the putative second and third amended complaints (docs. 23, 24).

The court **WILL DISMISS** the federal claims asserted in the amended complaint **WITH PREJUDICE** and **WILL DISMISS** the state law claims asserted in the amended complaint **WITHOUT PREJUDICE**.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this October 13, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE